UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VAN BATENBURG,<br><br>          Plaintiff,<br><br>v.<br><br>DANIEL PARAMO; B. SELF; R. OLIVARRIA; DEPUTY SHERIFF YORK; LUKASIC; ZUK; HERRERA,<br><br>          Defendants. | Case No.: 17-cv-2214-BAS-KSC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§1915(e)(2) AND 1915A** |

On November 25, 2016, William Van Batenburg ("Plaintiff"), who was previously incarcerated at the Richard J. Donovan Correctional Facility[1] ("RJD") in San Diego, California, proceeding *pro se*, and *in forma pauperis* ("IFP"), filed this civil rights action pursuant to 42 U.S.C. §1983 in the Northern District of California. On April 6, 2017, United States District Judge William H. Orrick determined that the "bulk of [Plaintiff's] allegations are based on events that occurred at [RJD]." (ECF No. 16 at 1.) Therefore, this

---

[1] Plaintiff is currently incarcerated at the California Medical Facility located in Vacaville, California. (ECF No. 19.)

1

matter was ordered to be transferred to the Southern District of California. (*Id.*) However, District Judge Orrick dismissed all the claims that were based on events which "occurred in the Northern District" prior to transferring this matter. (*Id.*) This Court received the transferred action on October 31, 2017. (ECF No. 17.) The Court now considers Plaintiff's motion to proceed IFP, his request for appointment of counsel, and conducts a mandatory screening of the Complaint.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. §1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. §1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. §1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. §1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. §1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, §14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

U.S.C. §1915(b)(1); 28 U.S.C. §1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. §1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his request to proceed IFP, Plaintiff has submitted a prison certificate authorized by an RJD accounting official and a copy of his CDCR Inmate Statement Report. *See* ECF No. 14 at 8–9; 28 U.S.C. §1915(a)(2); Civ. L.R. 3.2; *Andrews*, 398 F.3d at 1119. These documents show that Plaintiff had no monthly deposits in his account during the 6-month period immediately preceding the filing of his Complaint, and an available balance of zero at the time of filing. *See* ECF No. 14 at 8–9. Based on this accounting, the Court grants Plaintiff's request to proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. §1915(b)(1). *See* 28 U.S.C. §1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. §1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The Court will further direct the Secretary of the CDCR, or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. §1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. §1915(b)(1). *See id.*

## II. REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff requests that the Court to appoint him counsel "to handle all court proceedings hereafter." (Compl. at 15.) However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Soc. Services*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. §1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional

circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Applying these factors to Plaintiff's case, the Court denies his request for appointment of counsel. The pleadings filed by Plaintiff to date demonstrate that while Plaintiff may not be trained in law, he is capable of legibly articulating the facts and circumstances relevant to his claims, which are typical, straightforward, and not legally "complex." *Agyeman,* 390 F.3d at 1103. Therefore, neither the interests of justice nor any exceptional circumstances warrant the appointment of counsel in this case at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III. INITIAL SCREENING PER 28 U.S.C. §§1915(E)(2)(B) AND 1915A(B)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §1915(e)(2) and §1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, __ F.3d __, 2017 WL 5180205, at *2 (9th Cir. Nov. 9, 2017) (discussing 28 U.S.C. §1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. §1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under §1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to §1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

Plaintiff claims he was sexually abused in 2008 by a cellmate while incarcerated at Pelican Bay State Prison ("PBSP").[3] (*See* Compl. at 3.) Plaintiff was "immediately transferred" to the California Medical Facility ("CMF") in Vacaville following this incident. (*Id.*) Plaintiff submitted a grievance "concerning the incident" and claims that it was rejected because he had to raise the issue with PBSP where the incident occurred. (*Id.*) Plaintiff was returned to PBSP after being housed at CMF for one year. (*See id.* at 4.) Two months later, Plaintiff was transferred to Salinas Valley State Prison ("SVSP"). (*See id.*) Plaintiff alleges that he "raised the issue again concerning his sexual abuse" to Defendant Herrera, his Correctional Counselor. (*Id.*) Plaintiff claims Herrera "made it very clear" that she was "squashing" Plaintiff's concerns, "placing [him] in a very grievous state of anxiety

---

[3] The claims arising from periods of time when Plaintiff was housed at institutions located within the Northern District of California have been dismissed from this action. (*See* ECF No. 16 at 3.)

5

and fear toward every cell mate [he] would then receive". (*Id.*)

Sometime in early 2010, Plaintiff was "attacked by his cellmate John Roberts." (*Id.*) Plaintiff claims his cellmate "kicked [Plaintiff] in the face." (*Id.* at 5.) Plaintiff also claims he is disabled, uses a walker, and is "blind in one eye." (*Id.*) Plaintiff's cellmate was moved out of Plaintiff's cell and Plaintiff claims he was traumatized "with renewed fears of any new cellmate he would receive next" as a result of this alleged attack. (*Id.*) On April 26, 2012, Plaintiff was given a Rules Violation Report ("RVR") for "refusing to accept a cell mate" while housed at SVSP. (*Id.*)

Plaintiff filed a grievance on May 24, 2012 seeking "single-cell status and accommodate his disabilities." (*Id.* at 6.) Plaintiff was granted single-cell status on December 28, 2012. (*See id.*) In 2014, Plaintiff was transferred to RJD. (*See id.*) Plaintiff was "denied his single-cell housing" and "began to receive cell mates again." (*Id.*) Plaintiff claims that as a result he suffered from "recurring psychological trauma and emotional distress." (*Id.*) Plaintiff alleges he had "numerous cell mate conflicts" and was told to "deal with it" by correctional officers. (*Id.*) Plaintiff claims that the California Department of Corrections and Rehabilitation's ("CDCR") double cell housing policy is actually an "underground regulation" which violates his constitutional rights. (*Id.* at 7.) Plaintiff filed a grievance seeking a single cell on January 19, 2016. (*See id.* at 8.) Defendants Olivarria and Self "rejected" Plaintiff's grievance "on the grounds of failing to complete the supervisor's level review of CDCR-22 form." (*Id.* at 8–9.) Plaintiff claims Defendant York failed to comply with the grievance regulations by "violating the 7-day supervisor response time." (*Id.* at 9.) Plaintiff resubmitted the grievance with this explanation but it was also rejected by Olivarria and Self. (*See id.*) Plaintiff's grievance was eventually "cancelled" for failure to comply with the time limits. (*Id.* at 10–11.)

C. Failure to Protect claims

The Court construes Plaintiff's request to reside in a single cell as a claim of failure to protect him from harm by other inmates arising under the Eighth Amendment. Plaintiff claims that the denial of single cell status, while housed at RJD, has caused him to have

6

"fears, paranoia, and anxiety." (Compl. at 13.) The Court finds that Plaintiff's Eighth Amendment claims must be dismissed for failure to state a claim upon which relief may be granted.

Prison officials have a duty under the Eighth Amendment to avoid excessive risks to inmate safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim under the Eighth Amendment, Plaintiff must allege Defendants were "deliberate[ly] indifferen[t]" to "conditions posing a substantial risk of serious harm." *Id.* Deliberate indifference is more than mere negligence, but less than purpose or knowledge. *See id.* at 836. A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Complaint fails to state an Eighth Amendment claim for which this Court can provide redress. As an initial matter, the only claims the Court can address in this matter involve the time period that Plaintiff was housed at RJD. All other claims have been dismissed without prejudice to be filed in a separate action in the Northern District of California. (*See* ECF No. 16 at 1.) To the extent that Plaintiff seeks injunctive relief in the form of an order directing Defendants to house him in a single cell, the claims against RJD Defendants are moot in light of his transfer to a different institution. *See Dilley v. Gunn*, 64 F.3rd 1365, 1368 (9th Cir. 1995) (An inmate's transfer to a different prison while conditions of confinement claims are pending moot any claims for injunctive relief.) The Complaint otherwise fails to show that Plaintiff is entitled to other relief for the conduct he alleges occurred at RJD. Plaintiff cannot recover monetary damages for a "mental or emotional injury" without a "prior showing of physical injury or the commission of a sexual act." 42 U.S.C. §1997e(e). A review of the Complaint shows that Plaintiff does not provide any factual allegations of suffering a physical injury while incarcerated at RJD. Accordingly, the Court dismisses Plaintiff's Eighth Amendment claim.

D.  Improper Grievance Processing

Plaintiff alleges multiple failures to properly follow CDCR Title 15 prison regulations governing the processing of his inmate appeals. However, a prison official's alleged improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for Section 1983 liability. *See generally Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Shallowhorn v. Molina*, 572 Fed. App'x 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860). Therefore, Plaintiff's Fourteenth Amendment due process claims are dismissed for failure to state a claim upon which relief may be granted.

E.  Leave to Amend

Accordingly, Plaintiff's entire Complaint is dismissed for failure to state any claim upon which relief may be granted. Because Plaintiff is proceeding *pro se* and the Court has now provided him with "notice of the deficiencies in his complaint," the Court will also grant Plaintiff an opportunity to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

**IV. CONCLUSION & ORDER**

For the foregoing reasons, the Court **HEREBY**:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. §1915(a) (ECF No. 14).

2.  **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding them to the Clerk of the Court each time the amount in his account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST

BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint (ECF No. 1) for failure to state a claim upon which §1983 relief can granted pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Plaintiff thirty (30) days leave from the date of this Order in which to file an Amended Complaint that cures the deficiencies of pleading described above. Any Amended Complaint must be complete by itself without reference to the original complaint. *See* Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."). Plaintiff may file an Amended Complaint **no later than January 29, 2018**. Should Plaintiff elect not to proceed by filing an Amended Complaint within 30 days, the Court will enter a final Order of dismissal of this civil action for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and §1915A(b)(1), and for failure to prosecute in compliance with a court order requiring amendment. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

6. The Clerk of Court is directed to mail Plaintiff a civil rights form complaint for his use in amending.

**IT IS SO ORDERED.**

Hon. Cynthia Bashant
United States District Judge

**DATED: January 2, 2018**

9

17cv2214